**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| THOMAS ANDERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-02341-TWP-DML |
| ) | |
| JUUL LABS, INC. ) | |
| d/b/a PAX LABS, INC. ) | |
| d/b/a PLOOM INC., ) | |
| ALTRIA GROUP, INC., ) | |
| ALTRIA GROUP DISTRIBUTION COMPANY, ) | |
| JAMES MONSEES, ) | |
| ADAM BOWEN, ) | |
| HOYOUNG HUH, ) | |
| RIAZ VALANI, ) | |
| NICHOLAS PRITZKER, ) | |
| MOTHER MURPHY'S LABS, INC., ) | |
| ALTERNATIVE INGREDIENTS, INC., ) | |
| TOBACCO TECHNOLOGY, INC., ) | |
| ELIQUITECH, INC., ) | |
| MCLANE COMPANY, INC., ) | |
| EBY-BROWN COMPANY, LLC, ) | |
| CORE-MARK HOLDING COMPANY, INC., ) | |
| PHILIP MORRIS USA, INC., ) | |
| ALTRIA ENTERPRISES LLC, and ) | |
| ALTRIA CLIENT SERVICES LLC, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON JURISDICTION**

It has come to the Court's attention that Plaintiff's Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of many of the parties. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago*

*Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

The citizenship of a corporation is "both the state of incorporation and the state in which the corporation has its principal place of business." *Westfield Ins. Co. v. Kuhns*, 2011 U.S. Dist. LEXIS 138262, at *3 (S.D. Ind. Nov. 30, 2011). Thus, the complaint must allege both the state of incorporation and the state of the party's principal place of business. *Illinois v. Kerr-McGee Chemical Corp.*, 677 F.2d 571, 578 n.13 (7th Cir. 1982). Furthermore, "[f]or diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

The Complaint alleges, "Plaintiff, Thomas Anders, is 22 years old and a resident of Indiana." ([Filing No. 1 at 9](#).) The Complaint further alleges, "JAMES MONSEES is a resident of the San Francisco Bay Area," "ADAM BOWEN is a resident of the San Francisco Bay Area," "NICHOLAS PRITZKER is a resident of San Francisco, California," "HOYOUNG HUH [is] a Silicon Valley-based entrepreneur and investor," and "RIAZ VALANI is based out of Silicon Valley." *Id.* at 13–14. These allegations of residency are insufficient to allege the parties' citizenship to allow the Court to determine whether diversity jurisdiction exists.

The Complaint additionally alleges, "Defendant ALTRIA ENTERPRISES LLC ('AE') is a wholly-owned subsidiary of AGI. AE is a Virginia limited liability company with its principal place of business in Richmond, Virginia," and "Defendant EBY-BROWN COMPANY, LLC ('EBY-BROWN') is a Delaware limited liability company with a principal place of business in

Naperville, Illinois." *Id.* at 12, 15. These allegations are insufficient to allege the defendants' citizenship to allow the Court to determine whether diversity jurisdiction exists because the allegations fail to state the defendants' members and their citizenship.

Furthermore, the Complaint fails to assert any jurisdictional allegations concerning the citizenship of Defendants Altria Group Distribution Company and Altria Client Services LLC.

As the party asking this Court to invoke its jurisdiction, Plaintiff must properly allege the citizenship of each of the parties to establish subject matter jurisdiction. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009); *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the citizenship of the parties. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

**SO ORDERED.**

Date:   9/14/2020

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeff S. Gibson
WAGNER REESE, LLP
jgibson@wagnerreese.com